IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROYAL WATER DAMAGE** | : | |
| **RESTORATION, INC. a/a/o** | : | |
| **JANET THORN,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 21-5251 |
| | : | |
| **ALLSTATE VEHICLE AND** | : | |
| **PROPERTY INSURANCE CO.** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**Goldberg, J.**                                                                                                    **July 28, 2022**

Plaintiff Royal Water Damage Restoration, Inc. as an assignee of property owner/insured Janet Thorn has sued Defendant Allstate Vehicle and Property Insurance Company for breach of contract and bad faith in connection with Defendant's alleged failure to pay insurance proceeds under a homeowner's insurance policy. Defendant contends that, as an assignor of the insured and not the actual insured, Plaintiff does not have standing to pursue the bad faith claim. For the following reasons, I will deny Defendant's Motion.

**I.    FACTS IN THE COMPLAINT**

The following facts are set forth in the Amended Complaint.[1]

Assignor Janet Thorn is the owner of the real property at 5755 Hazel Avenue, Philadelphia, Pennsylvania. Defendant Allstate Vehicle and Property Insurance Company issued to Ms. Thorn

---

[1] In deciding a motion under Federal Rule of Civil Procedure, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

a homeowners insurance policy for these premises (the "Policy"). On January 12, 2021, while the Policy was in full force and effect, Ms. Thorn sustained a water loss to multiple levels of the residence when the supply line to the hot water heater burst. (Compl. ¶¶ 3, 6.)

After Ms. Thorn submitted a timely claim to Defendant under the Policy for losses and damages from this incident, Allstate sent an adjuster to evaluate the damage. (Id. ¶¶ 10–11.)

On January 18, 2021, Ms. Thorn assigned all of her rights under the Policy to Plaintiff Royal Water Damage Restoration Inc., who had performed mitigation, remediation, and restorative drying services for the premises from January 19, 2021 until March 11, 2021. Plaintiff fully cooperated with Defendant in its investigation of the loss and claim, and Defendant approved the work that Plaintiff did. Nonetheless, Defendant has refused to pay for all covered damages stemming from the January 12, 2021 water loss. Indeed, Plaintiff contends that Defendant underpaid Plaintiff approximately $60,000 for reasonable expenses it incurred for its services at the insured premises relative to the covered loss. (Id. ¶¶ 5, 12, 13, 15–16, 34, Ex. A..)

On November 1, 2021, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County alleging breach of contract and bad faith, pursuant to 42 Pa.C.S. § 8371. On November 30, 2021, Defendant removed this matter federal court.

Defendant now moves to dismiss the bad faith claim claiming that Plaintiff lacks standing to pursue this claim.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679).

### III.  DISCUSSION

Defendant contends that the bad faith claim must be dismissed because Plaintiff is not (a) an "insured" under the Policy, (b) an injured plaintiff, or (c) a judgment creditor. In turn, Defendant asserts that Plaintiff is not a proper assignee of Ms. Thorn's bad faith claim. Plaintiff responds that the assignment was proper, providing standing to bring the bad faith claim.

Pennsylvania's bad faith statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

3

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371.

The Pennsylvania Supreme Court has noted that Section 8371 "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." Ash v. Cont'l Ins. Co., 932 A.2d 877, 882 (Pa. 2007). In Allstate Property and Casualty Insurance Company v. Wolfe, 105 A.3d 1181 (Pa. 2014), the Pennsylvania Supreme Court recognized that an assignment of proceeds, in and of itself, is insufficient to confer standing to bring a bad faith claim. Id. at 1188; see also Williams v. State Farm, No. 21-00058, 2021 WL 4099534, at *4 (E.D. Pa. Sept. 9, 2021). Rather, the Court held that "the entitlement to assert damages under § 8371 may be assigned by an insured to an injured plaintiff and a judgment creditor." Id. at 1188; see also Feingold v. Palmer & Barr, 831 F. App'x 608, 609 n.5 (3d Cir. 2020) ("Pennsylvania Supreme Court . . . expressly limited assignments of bad faith claims to 'an injured plaintiff and judgment creditor.'").

There is a dearth of case law clarifying the bounds of what constitutes an "injured plaintiff" or a "judgment creditor" for purposes of the assignment of a bad faith claim. In Liberty Mutual Fire Insurance Co. v. Harleysville Worcester Insurance Co., 524 F. Supp. 3d 462 (E.D. Pa. 2021), Judge Eduardo Robreno confronted the validity of the assignment of a bad faith claim. An individual, Joseph Forgrove, commenced a state court action against several defendants seeking damages for injuries he sustain in a slip and fall accident at a construction site where another entity, Domus, Inc, was the construction manager, and where Forgrove's employer, DirectAir LLC, was performing work. Domus assigned its right of recovery under § 8371 to its insurer, plaintiff Liberty

4

Mutual, which in turn sued the subcontractor's insurer, defendant Harleysville, due to Harleysville's refusal to provide a defense. In the face of Harleysville's motion to dismiss for lack of standing, Judge Robreno held that "§ 8371 applies not only to those who are insured under an insurance policy, but also to those who the insured has assigned their right of recovery." Id. at 468 (citing Wolfe). Judge Robreno allowed Liberty Mutual to pursue the bad faith claim. Id.

By contrast, in Williams v. State Farm, No. 21-cv-0058, 2021 WL 4099534 (E.D. Pa. Sept. 9, 2021), Judge Joseph Leeson declined to find that an assignment of a bad faith claim conferred standing. Id. at *4. In that matter, the property owner filed a claim with its insurance provider due to damage at the covered property. Id. at *1. Subsequently, the plaintiff—under unknown circumstances—purchased an assignment of proceeds of the insurer's policy from the property owner. Id. The plaintiff received estimates for repair of the property and then sued the insurer for breach of contract and bad faith. Id. Acknowledging that Wolfe limited assignments of bad faith claims to "an injured plaintiff and judgment creditor," Judge Leeson found that the plaintiff had failed to allege sufficient allegations demonstrating that he fell into either category. Id. at *3–4. He noted that the plaintiff was not the owner of the property when the property was damaged and was not injured as part of the underlying insurance claim. Id. at *4. Judge Leeson remarked that plaintiff had failed to plausibly allege that he was a creditor to any judgment related to the damage at the property. Id. Accordingly, the bad faith claim was dismissed. Id.

Most recently, Judge Gerald Pappert confronted the precise issue before me here. In Royal Water v. State Farm, No. 22-cv-201, 2022 WL 2345740 (E.D. Pa. June 29, 2022), the property owner sustained a water loss and was insured by the defendant, State Farm Fire and Casualty Company ("State Farm"). Id. at *1. The plaintiff, Royal Water Damage Restoration ("Royal Water") submitted estimates to State Farm and ultimately performed work to restore the property. Id. Notwithstanding State Farm's prior approval of the scope of the work, it declined to reimburse

the full amount of Royal Water's work.  Id.  The property owner assigned all of its causes of action under its State Farm policy—arising out of the restoration services performed—to Royal Water. Royal Water then brought suit for breach of contract and bad faith.  Id.

State Farm moved to dismiss the bad faith claim on the ground that Royal Water did not have standing under the Pennsylvania Supreme Court decision in Wolfe.  Id. at *2.  Judge Pappert disagreed and found that Royal Water had plausibly alleged that it had "actually sustained injury" from State Farm's conduct and, therefore, was an injured plaintiff.  Id. at *3.  He distinguished Williams because the plaintiff there had "merely purchased an assignment of proceeds from a property owner who suffered fire damage," and "did not allege that he was in any way 'an injured plaintiff'."  Id. at *3 n.1.  Judge Pappert. concluded that "[a]llowing Royal Water to stand in [the property owner's] shoes serves 'the salutary purpose of encouraging good faith settlement negotiations, and punishing insurance carrier abuse.'"  Id.

Here, like in Royal Water v. State Farm, the allegations of the Complaint, taken in the light most favorable to Plaintiff, sufficiently allow for the inference that Plaintiff is both an injured plaintiff and a judgment creditor.  Under a reasonable expectation that it would be paid from the insurance proceeds, Plaintiff undertook mitigation, remediation, and restorative drying services at the insured premises to correct damage resulting from the bursting hot water heater supply line. (Compl. ¶ 37.)  In lieu of direct payment for these services, the owner of the property assigned her rights under the relevant insurance policy to Plaintiff.  The Complaint alleges that Defendant approved all of Plaintiff's work and was aware of Plaintiff's estimate for the work.  (Compl. ¶¶ 34, 36.)  Defendant, however, "refused to reimburse Plaintiff in accordance with the applicable standards and regulations for, *inter alia*, the proper dry-out time and equipment for its services at the insured premises relative to the covered water loss." (Compl. ¶ 16.)  Under these facts, Plaintiff

is not an uninterested party seeking solely an economic benefit. Rather, it is an "injured plaintiff" attempting to recover expenses incurred due to a loss at the insured property.

Moreover, even if the property owner is deemed to be the only party actually injured by the loss, Plaintiff could potentially be a "judgment creditor." Under the Work Service Authorization and Assignment of Benefits between Ms. Thorn and Plaintiff, Plaintiff contracted to perform all required restoration services at insured property. In return, Ms. Thorn agreed to assign "all insurance rights, benefits, and causes of action under the property insurance policy," and Plaintiff would forward its invoices directly to the insurance adjuster for payment. Ms. Thorn agreed that she would remain personally liable for all amounts charged under the contract until such amounts were paid in full. (Compl., Ex. A.) It would make little sense to now require Plaintiff to file a lawsuit and obtain a judgment against Ms. Thorn for the unpaid amounts simply to create standing for Plaintiff to pursue its bad faith claims against Defendant.

## IV. CONCLUSION

In light of the foregoing, I find that, reading the Complaint in the light most favorable to Plaintiff, Plaintiff has standing to pursue a bad faith claim against Defendant. An appropriate Order follows.